[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Should the court grant the defendants' motion to dismiss when the motion to dismiss improperly seeks to introduce a contract that is outside the record? Is this court the proper venue for this matter?
FACTS
The court finds the following for the purposes of deciding this motion: The plaintiff, Paul L. Szewczyk Excavating, Inc., sued the Connecticut Post Limited Partnership and Virginia Pepe, the owners of a certain parcel of real property in Milford, and the American Insurance Co., as the bond surety ("of the defendants"), to recover amounts allegedly due to the plaintiff for work performed pursuant to a contract. The plaintiff has alleged that it secured a mechanic's lien upon the property and filed it with the Milford town clerk's office, where the lien is recorded. The plaintiff has also alleged that the defendants gave the plaintiff a bond for $27,000 in substitution and in release of the mechanic's lien.
The defendants move to dismiss based on lack of subject matter jurisdiction and improper venue. Both parties have filed a memorandum in support of their respective CT Page 3286 positions. The court, Austin, J., heard the parties' arguments at short calendar on February 18, 1992.
DISCUSSION
A motion to dismiss may be used to assert lack of subject matter jurisdiction and improper venue. Practice Book Secs. 143(1) and 143(3). Affidavits must be filed to present facts not apparent on the record. Practice Book Sec. 143.
I. Subject matter jurisdiction
Along with their motion, the defendants attach a copy of the alleged contract between the parties and argue that the contract contains a clause mandating that the parties arbitrate their disputes. The defendants argue that this clause divests the court of subject matter jurisdiction over this case. In opposition, the plaintiff argues, inter alia, that the contract is not part of the record in the court file and that the defendants have not filed any affidavits to support their argument.
It is found that the contract is not properly before the court because it is not part of the record as it was solely attached to a memorandum of law and was not certified. It is therefore found that, based upon the facts in the record, i.e., the complaint, the court finds that it does not lack subject matter jurisdiction.[1] It is found that the court should deny the motion to dismiss on this ground.
II Venue
The defendants argue that venue is improper in Middletown because the real property upon which the construction work was performed is located in Milford. The defendants cite to General Statutes Sec. 51-345 (b), which provides that venue in actions "to foreclose or redeem. . . liens" is proper in the judicial district where the real property is located.
The court finds that the defendants misconstrue the action against them. The plaintiff alleges that the defendants breached a contract between the parties by refusing to pay the plaintiff monies owed for work performed. The plaintiff alleges that it filed a lien to secure the amount in dispute and that a bond was substituted for the lien. It is found that this is not an action to "foreclose or redeem" the mechanic's lien because the underlying dispute, breach of contract, still needs to be resolved. CT Page 3287
The defendants raise no other grounds for improper venue; therefore, it is found that the court should deny the motion to dismiss on this ground as well.
CONCLUSION
Based upon the court's findings in the two issues raised by the parties, the court hereby denies the defendant's motion to dismiss, and it is so ordered.
BY THE COURT AUSTIN, JUDGE